UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
FRANCISCO RIVERA NAVARRO,         :
                                   : Civil Action No. 13-7613 (RMB)
            Petitioner,           :
                                   :
        v.                        : **MEMORANDUM OPINION AND ORDER**
                                   :
J.T. SHARTLE,                     :
                                   :
            Respondent.           :
_____:

This matter comes before the Court upon Petitioner's submission of a habeas corpus petition, executed pursuant to 28 U.S.C. §2241, and the applicable filing fee of $5.00. See Docket Entry No. 1 and Docket Entry dated Dec. 23, 2013.

Petitioner, a federal inmate currently confined at the FCI Fairton, Fairton, New Jersey, is scheduled to be released on December 3, 2014. See http://www.bop.gov/Locate; see also Docket Entry No. 1, at 1. Petitioner asserts that his preliminary evaluation for transfer to a community correctional center ("CCC") resulted in a preliminary recommendation for a transfer nine-to-six months prior to his release. See Docket Entry No. 1, at 2. Petitioner appealed that preliminary recommendation to his warden and then to the Regional Office of the Bureau of Prisons ("BOP"). Shortly thereafter, for the reasons not entirely clear to this Court, Petitioner "submitted a letter . . . to [S]enator [Charles E.] Schumer," which expressed Petitioner's displeasure

with not being placed in a CCC for a full year.[1]  See id. at 2-4.
Meanwhile, Petitioner's final evaluation (for transfer to a CCC)
took place; it resulted in an administrative decision to transfer
him to a CCC six-to-five months prior to his release.  See id. at
3-5 (indicating Petitioner's opinion that the final determination
had to be retaliatory).  Around that time, Senator Schumer
forwarded Petitioner's letter to his warden.  See id. at 11.  The
warden's response indicated that the final determination was made
under the statute, which directed consideration of the inmate's

---

[1]  Section 3624, referred-to as the Second Chance Act, see Pub. L. No. 110-199, extended the maximum amount of time that the BOP may place an inmate in a CCC from 180 days to twelve months. See 18 U.S.C. § 3624(c)(1).  Courts have consistently held that the Second Chance Act does not guarantee a one-year placement, but "only directs the Bureau of Prisons to consider placing an inmate in a [CCC] for up to the final twelve months of his or her sentence." Lovett v. Hogsten, 2009 U.S. App. LEXIS 28957 (6th Cir. Dec. 29, 2009); see also Nelson v. Zickefoose, 2013 U.S. Dist. LEXIS 3757 (D.N.J. Jan. 9, 2013) (same); Travers v. Federal Bureau of Prisons, 2009 U.S. Dist. LEXIS 110901 (D.N.J. Nov.30, 2009)("nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved.  These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations"); Creager v. Chapman, 2010 U.S. Dist. LEXIS 26843 (N.D. Tex. Mar.22, 2010) (although Petitioner disagrees with her CCC placement date after consideration of the § 3621(b) factors, this "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any guaranteed placement in a residential reentry center[ ]" and "'the duration of [CCC] placement is a matter to which the [BOP] retains discretionary authority'") (citations and quotation omitted); Wires v. Bledsoe, 2010 U.S. Dist. LEXIS 9094 (M.D. Pa. Feb.3, 2010) ("[even if] the petitioner's unit team recommended significantly less than six months (only 60 days) in a [CCC], there is no basis to infer that their discretion was [abused]").

"individual needs, community resources, institutional adjustment, [his] length of sentence, history and characteristics . . . and the need to provide for the safety and security of the general public." Id. Petitioner's hand-written notation made on the warden's response to Senator Schumer indicated Petitioner's displeasure that the preliminary recommendation (as to the transfer to a CCC nine-to-six months prior to his release) was not included in the warden's response. See id. No statement in Petitioner's submission indicated that he duly exhausted his administrative remedies with regard to the *final* determination he is challenging here.[2]

---

[2] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel (Central Office) on a BP-11 form within 30 days of the day the Regional Director signed the response. See id. Appeal to the General Counsel

Moreover, no statement in Petitioner's submission suggested that the BOP failed to duly consider the applicable factors set forth in § 3621(b).[3] Rather, he merely asserted his displeasure with the fact that the final determination yielded a result different and less palatable than the preliminary recommendation.

Correspondingly, at this juncture, Petitioner failed to state a viable claim. Section 2241 of Title 28 of the United States Code provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner's displeasure cannot qualify as a "violation of the

---

(Central Office) is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18

[3] Section 3621 states, in relevant part:

(b) . . . The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
    (1)  the resources of the facility contemplated;
    (2)  the nature and circumstances of the offense;
    (3)  the history and characteristics of the prisoner;
    (4)  any statement by the court that imposed the sentence-
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
    (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 . . .

4

Constitution or laws or treaties of the United States."[4]  Thus, as drafted, Petitioner's submission should be dismissed either as unexhausted or as meritless.

However, mindful of Petitioner's pro se status, the Court finds a conclusive dismissal unwarranted at this juncture since the Court cannot rule out that Petitioner, if granted leave to amend, might submit a pleading detailing both the legal wrong underlying his challenges and verifying that they have been duly exhausted administratively.

IT IS, therefore, on this **7th** day of **January 2014**,

**ORDERED** that the Petition is dismissed; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a conclusive dismissal, and Petitioner may have this matter reopened in the event he submits, within thirty days from the date of entry of

---

[4] In other words, in the event Petitioner duly exhausted his claims administratively, he was obligated to assert facts showing that the BOP failed to consider the Section 3621(b) factors, rather than Petitioner's disappointment with the unfavorable discrepancy between his preliminary and final determinations. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amen. Dec. 1, 2004) (applicable to § 2241 petitions through Rule 1(b)).

this Memorandum Opinion and Order, Petitioner's amended pleading detailing: (a) the legal wrongs Respondent allegedly committed in reaching the final determination as to Petitioner's placement in a CCC; and (b) Petitioner's proper exhaustion of his challenges to that final determination; and it is further

**ORDERED** that this Court retains jurisdiction over this matter for the period of 180 days; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank § 2241 habeas petition form.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
